*889 MEMORANDUM BY THE COURT
It is not shown in this case that any officer or agent of the United States had authority to enter into a contract for the construction of this spur track, nor is it shown that any officer or agent of the United States promised to pay for said construction. On the contrary, it is shown that an agent of the plaintiff stated to the officer in charge of the selection of a site for an aviation field that it was the rule of the plaintiff to construct such tracks at its own expense when they were located upon its own right of way. No contract to pay can be implied from such facts. See the authorities cited in the case No. B-158, Baker, receiver, v. United States, decided this day post, p. 890. See also Atchison, Topeka & Santa Fe Ry. Co. v. United States, 59 C. Cls. 12.
Even if the circumstances of this case raised an implied promise to pay, it would not come under the provisions of the Dent Act, for the construction of this spur was not a war measure. It was undertaken and partly performed some weeks before war was declared. The Dent Act does not apply to transactions entered into before the war was declared. Such a contract as the one which the plaintiff undertakes to set up can not be enforced against the Government, as section 3744 of the Revised Statutes requires the Secretary of War to cover every contract made by him, or by officers under biin appointed to make contracts, “to be reduced to writing and signed by the contracting parties with their names at the end thereof.” As this alleged contract was made before the declaration of war the plaintiff can not invoke the aid of the Dent Act, and if there was no other reason for the dismissal of the plaintiff’s claim it must be held that because of failure to make and sign a written contract as required by said Section 3744 the United States is not bound.
Graham, Judge, took no part in the decision of this case.